UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| J.R. SIMPLOT COMPANY,<br><br>                    Plaintiff,<br><br>v.<br><br>KADYN DEL TORO, an individual,<br><br>                    Defendant. | Case No. 1:22-cv-00408-DKG<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court are Motions in Limine filed by each party. (Dkt. 111, 113). The motions are fully briefed. (Dkt. 115, 119). On August 11, 2026, a pre-trial conference was held where the parties presented oral argument on the motions in limine. (Dkt. 106, 110). This order formalizes the Court's oral rulings and statements made during the hearing and is intended to give the parties direction on the evidentiary issues that have been raised by the parties. These rulings are preliminary and are subject to revision upon consideration of a particular evidentiary issue presented within the context of the trial.

**ORDER - 1**

## BACKGROUND[1]

This action arises out of allegations that Defendant Kadyn Del Toro (Del Toro), a former employee of Plaintiff J.R. Simplot Company (Simplot), took confidential and trade secret materials belonging to Simplot when he left to work for another company, Wilbur-Ellis Company, LLC (Wilbur-Ellis). The materials allegedly taken by Del Toro were digital files allegedly copied to, stored on, used, and/or accessed through various computers and digital storage devices. The parties have engaged in extensive discovery, including the use of experts to conduct forensic examinations of the computers and digital devices. The parties strongly dispute what the evidence shows and the facts underlying the claims.

On April 25, 2025, the Court issued decisions on the parties' cross motions for summary judgment and motions to exclude evidence from the expert witnesses. (Dkt. 103, 104). Those decisions provided substantial guidance concerning evidence and testimony, and narrowed the claims proceeding to trial. Trial is set to begin September 8, 2026. (Dkt. 110). On July 17, 2026, the parties filed motions in limine, which the Court addressed during the hearing and as stated herein. (Dkt. 111, 113).

## LEGAL STANDARDS

"A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area." *Hana Fin., Inc. v. Hana Bank*, 735 F.3d 1158, 1162 n. 4 (9th Cir. 2013) (*quoting United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009)).

---

[1] Because the factual and procedural background of this case have been set forth in prior orders and are well known to the Court and counsel, they are not restated in their entirety here.

ORDER - 2

There is no express authority for motions in limine in either the Federal Rules of Civil Procedure or the Federal Rules of Evidence. Nevertheless, these motions are well recognized in practice and by case law. *See, e.g., Ohler v. United States*, 529 U.S. 753, 758 (2000). The key function of a motion in limine is to "exclude prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 (1984).

Generally, motions in limine excluding broad categories of evidence are disfavored—as such issues are more fairly dealt with during trial as the admissibility of evidence arises. *Sperberg v. Goodyear Tire & Rubber, Co.*, 519 F.2d 708, 712 (6th Cir. 1975). Additionally, it is sometimes necessary to defer ruling until trial when a better estimate of the impact of the evidence on the jury can be made by the trial judge. *Crawford v. City of Bakersfield*, No. 1:14-cv-01735-SAB, 2016 WL 5870209, at *2 (E.D. Cal. Oct. 6, 2016).

Denial of a motion in limine does not mean that all evidence contemplated by the motion will be admitted at trial. Instead, denial of such a motion simply means the Court is unable to determine whether the evidence should be excluded outside of the trial context. At trial, the parties may object to the offering of evidence even though such evidence was the subject of the Court's denial of a motion in limine. Where a motion in limine is granted, however, the parties are precluded from arguing, discussing, or offering the particular evidence that the Court has ordered be excluded unless the Court rules otherwise during the course of the trial.

**ORDER - 3**

## DISCUSSION

### 1.  Plaintiff's Motion in Limine

Plaintiff submits three motions in limine seeking to exclude evidence of the following: 1) other lawsuits or disputes by Wilbur-Ellis; 2) a party's relative financial size outside the context of expert opinion; and 3) that any delay in proceeding to trial was a tactic used to punish the other party. (Dkt. 113). Defendant opposes the second motion and does not oppose the other two motions, with some explanation. (Dkt. 115). The Court finds as follows.

#### A.  Other Lawsuits and Disputes by Wilbur-Ellis

Evidence and argument about other lawsuits and disputes filed by Wilbur-Ellis against Simplot or its employees is irrelevant and unduly prejudicial. Fed. R. Evid. 401, 402, 403. The motions in limine filed by both parties relevant to this subject matter are therefore granted. (Dkt. 111, 113).

#### B.  A Party's Relative Financial Size Excluding Expert Opinions

Generally speaking, evidence, testimony, and argument about a party's financial size relative to another party is irrelevant and unduly prejudicial to the extent it seeks to improperly appeal to the sympathy of jurors through references to financial disparity. *See e.g., Old Chief v. United States*, 519 U.S. 172, 180 (1997) ("[As] the Committee Notes to Rule 403 explain, [u]nfair prejudice within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one," quoting Fed. R. Evid. 403, Advisory Committee's Notes (internal quotation marks omitted)). Thus, evidence of the relative size or wealth of a party cannot be used to sway

ORDER - 4

the jury's verdict based on bias or prejudice. *Draper v. Airco, Inc.*, 580 F.2d 91, 95 (3rd Cir. 1978) ("[J]ustice is not dependent upon the wealth or poverty of the parties and a jury should not be urged to predicate its verdict on a prejudice against bigness or wealth."); Fed. R. Evid. 403. To that end, where the wealth and size of a party are not at issue, counsel should generally refrain from referring to the same or eliciting testimony that improperly prejudices the jury. However, where such matters are at issue, evidence about the wealth and size of a party may be admissible where the evidence is relevant to and probative of the merits of the claim. Fed. R. Evid. 401, 402; *see e.g., White v. Ford Motor Co.*, 500 F.3d 963, 976 (9th Cir. 2007) (evidence of defendant's financial condition appropriate for jury to consider when determining punitive damages award). Further, a party may open the door to the admission of evidence by introducing evidence that the opposing party can then contest with its own countering evidence. These principles apply equally to both parties here. With these general principles in mind, the Court makes the following preliminary findings.

Evidence of Del Toro's salary and finances are relevant, at least to a certain extent, to Plaintiff's damages calculations and also to Defendant's defenses – e.g., assertions that Del Toro did or did not gain value from possessing/using the files. However, Defendant cannot present improper arguments or evidence suggesting to the jury that his wealth or size relative to that of Plaintiff warrants a favorable verdict solely because his size or finances may be less than that of Simplot, or because Simplot is larger and wealthier. Fed. R. Evid. 403.

**ORDER - 5**

If Plaintiff seeks to introduce evidence about the size and finances of Wilbur-Ellis to show that it is a competitor with Simplot, then the size and finances of Simplot are similarly relevant. Plaintiff cannot present arguments and evidence about the size and finances of Defendant and/or Wilbur-Ellis, but preclude Defendant from presenting evidence of his defenses to the same and/or presenting the full picture of the circumstances by limiting Defendant from offering evidence of Plaintiff's relative size and finances. This is particularly true given Plaintiff intends to present evidence of the "scope" of competition between it and Wilbur-Ellis in its calculation of damages. (Dkt. 113 at 5). If the size and finances of Wilbur-Ellis are relevant to show the they are a competitor of Simplot, then Simplot's size and finances are similarly relevant.

That being said, opening the door does not open the flood gates to any and all evidence. The evidence must still be relevant and probative of the issues, claims, and defenses in this case. Moreover, the evidence and arguments presented may not be unduly prejudicial – such as if either party attempts to suggest the opposing party or a non-party's size or finances should dictate the jury's verdict. To this end, the Court will likely limit any additional evidence allowed in response to the door being opened, to only the evidence that is relevant and responsive to the material that served to open the door.

Whether and how this evidence will be presented will not be known until trial. Accordingly, the motion in limine is denied as the admissibility of this evidence must be determined at trial where the Court can view the evidence in context and properly weigh and balance the evidence's relevance, probative value, and any prejudice. Fed. R. Civ. P. 401, 402, 403.

**ORDER - 6**

### C. Delay

Evidence and argument regarding the length of time this matter has been pending as it relates to any hardship or litigation tactics against either party is irrelevant and unduly prejudicial. Fed. R. Evid. 401, 402, 403. The motion in limine is therefore granted with regard to this subject matter. The motion is denied to the extent it seeks to preclude all references to the passage of time that the case has been pending.

### 2. Defendant's Motion in Limine

Defendant submits ten motions in limine seeking to exclude or limit evidence about: 1) misappropriation by disclosure; 2) previously dismissed claims; 3) undisclosed evidence; 4) breach of contract damages; 5) Wilbur-Ellis; 6) lawsuits filed by Wilbur-Ellis against Simplot and its employees; 7) certain computer software; 8) trade secret use; 9) any files other than the sixteen allegedly misappropriated and claims of limited or conservative damages; and 10) duplicative expert testimony. (Dkt. 112). Plaintiff opposes the motion with the exception of number six. (Dkt. 119). The Court finds as follows.

### A. Misappropriation by Disclosure of Trade Secrets

Misappropriation of trade secrets can be shown by acquisition, disclosure, or use. On summary judgment, the Court addressed the misappropriation claims in the context of acquisition or use, but not disclosure. (Dkt. 103 at 19). The Court did so based on Plaintiff's statements during the hearing that it did not have any specific evidence of disclosure due to spoliation by Defendant, and that it was not seeking any damages based on misappropriation by disclosure. (Dkt. 114 at 16:4-11). During the hearing, Plaintiff

ORDER - 7

further argued that it believed the lost or destroyed evidence may have included evidence that Defendant disclosed its trade secrets. *Id.*

On this motion, Defendant seeks to preclude Plaintiff from presenting any evidence, questioning, arguing, referring to, or implying to the jury the theory of misappropriation by disclosure. (Dkt. 112). Plaintiff maintains that it's statement during the hearing did not waive its right to request an adverse inference instruction and present circumstantial evidence of disclosure at trial. (Dkt. 119 at 2). For the reasons that follow, the Court will deny the motion in limine.

Misappropriation by disclosure was not addressed on summary judgment and that theory of the misappropriation claims has not been otherwise dismissed. (Dkt. 103). Genuine issues of material fact exist relevant to the misappropriation claims. Notably, the Court drew adverse inferences against Defendant for purposes of summary judgment, but reserved ruling on whether an adverse inference or other spoilation sanctions would be allowed at trial. (Dkt. 103 at 46). What the evidence at trial will establish remains to be seen. Based on the present record and the Court's prior rulings, the motion in limine is denied on this issue and Plaintiff will not be precluded from pursuing misappropriation based on disclosure during trial at this time. However, Plaintiff bears the burden of proof during trial. Whether misappropriation by disclosure is sent to the jury will depend on the evidence presented at trial. Fed. R. Civ. P. 50.

## B.  Previously Dismissed Claims

Plaintiff's claims of 1) breach of fiduciary duty for downloading and retaining Plaintiff's confidential, proprietary, and trade secret information; 2) breach of fiduciary

duty for improper use of Plaintiff's visualization dashboard; and 3) conversion, were dismissed on summary judgment. (Dkt. 103). While Plaintiff may not pursue those theories and claims and may not argue or attempt to imply liability based on the dismissed claims, many of the facts and evidence related to the dismissed claims are relevant to Plaintiff's remaining claims of 1) breach of contract, 2) misappropriation of trade secrets, and 3) breach of the duty of loyalty. Indeed, the parties agreed during the August 11, 2026 hearing that the facts underlying the dismissed claims may be relevant to the other remaining claims, but that Plaintiff may not argue the theories underlying the dismissed claims.

For instance, evidence of Defendant's alleged activities relevant to Simplot's files during his employment with Simplot is relevant to the remaining claims, as the claims involve whether, when, and how Defendant acquired, possessed, retained, and used the files. The Court cannot determine at this pre-trial stage whether and how the evidence will be presented. The admissibility of this evidence must necessarily be ruled upon during trial. For these reasons, the motion in limine is denied as to the request to exclude certain evidence relevant to the dismissed claims. However, the motion in limine is granted to the extent it seeks to preclude Plaintiff from arguing, questioning, implying, or suggesting theories of the claims that have been dismissed. Plaintiff must carefully tailor its presentation during trial to the remaining claims, not any dismissed claims.

### C. Undisclosed Evidence

Defendant's broad, unspecified request to prohibit any testimony and evidence that has not been previously produced or identified in discovery is denied. Motions in

ORDER - 9

limine are intended to address specific evidentiary issues prior to trial, not to preclude entire categories of evidence. *Sperberg*, 519 F.2d at 712 (Motions in limine seeking exclusion of broad categories of evidence are disfavored, as such issues are better addressed during trial.).

As to Defendant's example arguing that Plaintiff's designated corporate representatives were unprepared to discuss its damages calculations, those arguments were previously raised in a motion to compel and for sanctions. (Dkt. 52). On July 19, 2024, the Court denied the motion due to Defendant's failure to comply with the Court's strict procedural requirements for discovery disputes. (Dkt. 61). Importantly, the Court directed defense counsel to proceed in accordance with the applicable rules and procedures, and to notify the Court if the parties were unable to resolve the discovery dispute. (Dkt. 61). The Court was not notified of any unresolved discovery dispute. Defendant cannot "lay in wait" before pursuing relief for an alleged discovery violation and then raise the issue in a motion in limine on the eve of trial. *United States for use and benefit of Mountain Utilities, Inc. v. Fidelity and Deposit Co. of Maryland*, 2022 WL 1538707, at *5 (D. Idaho May 16, 2022).

Further, Defendant's example does not present a basis for granting the motion in limine. "Although the testimony of a corporate representative is admissible against the corporation pursuant to Fed. R. Evid. 801(d)(2)(C), it is not binding such that the corporation cannot offer additional or contradictory testimony at trial." *Id.* (citing *Snapp v. United Transp. Union*, 889 F.3d 1088, 1104 (9th Cir. 2018)). The corporate representative may be confronted with their prior testimony on cross-examination, but

that does not render their testimony on direct inadmissible. For these reasons, the motion in limine is denied on this issue.

### D.  Breach of Contract Damages

On summary judgment, the Court found that damages in the form of costs and attorney fees incurred by Simplot to investigate and enforce the Confidentiality Agreement were recoverable on the breach of contract claim under the terms of the agreement. (Dkt. 103 at 12).[2] On this motion, Defendant seeks to preclude evidence of alleged breach of contract damages comprised of costs and attorney fees incurred by Simplot, arguing that Plaintiff has produced no discovery and no computation of these alleged damages. (Dkt. 112). Plaintiff maintains it has pursued these damages from the outset of the case, provided initial disclosures stating the "amount of the costs and attorney fees will increase as the case proceeds," and that it cannot compute the amount at the present time as the amount will "only be ascertainable following judgment." (Dkt. 119 at 6).

The Court finds that Plaintiff has properly alleged and disclosed that it intends to seek costs and attorney fees on the breach of contract claim. The breach of contract claim is based on the terms of the Confidentiality Agreement. (Dkt. 1 at ¶¶ 75-82). The contract's remedies provision states, as relevant here, that Simplot may recover "any damages from Employee that result from any violation of this Agreement, including but

---

[2] On summary judgment, the Court also found that Plaintiff had provided evidence of other possible breach of contract damages. (Dkt. 103). This Order addresses only the breach of contract damages contested by Defendant on this motion. (Dkt. 112).

ORDER - 11

not limited to [Simplot's] costs and attorney fees, and all remedies that are available under…applicable law." (Dkt. 72-6 at ¶ 6). The Complaint further seeks an award of costs and attorney fees under Idaho Code Sections 12-120 and/or 12-121, both of which provide for an award of attorney fees to the prevailing party. (Dkt. 1 at 18, ¶ 4).

However, Plaintiff's disclosures do not identify the types of costs and attorney fees Simplot may seek to recover on the breach of contract claim. (Dkt. 57-2 at 7). During the August 11, 2026 hearing, the Court asked Plaintiff to identify more specifically the costs and attorney fees that it intends to pursue on this claim, and Plaintiff agreed to provide a further disclosure of the same to Defendant by the close of business that same day. The Court ordered Plaintiff to do so. (Dkt. 148). Importantly, the parties also agreed during the hearing that the Court would decide any award of costs and attorney fees following trial. Accordingly, evidence of costs and attorney fees will be presented to and decided by the Court after trial, as necessary.

### E. Wilbur-Ellis Company, LLC

While not a party to this lawsuit, evidence about Wilbur-Ellis may be relevant to the claims in this case, such as evidence that Wilbur-Ellis is a direct competitor of Simplot and is the company Del Toro went to work for. The claims in this case involve allegations that Defendant wrongfully acquired and retained Simplot's files, including trade secret information, when he left his employment with Simplot to work for Wilbur-Ellis. Therefore, a certain amount of evidence about Wilbur-Ellis is relevant to provide context for the claims, and possibly to establish the existence and amount of damages or valuing the material allegedly taken from Simplot. (Dkt. 104 at 29). Whether and to what

extent this evidence is allowed will be determined at trial. For these reasons, Defendant's request to preclude all evidence, argument, mention, and reference to Wilbur-Ellis is denied.

That being said, Plaintiff may not attempt to elicit testimony or draw inferences about Wilbur-Ellis's role or participation in the events underlying the claims that are unsupported by the evidence or irrelevant. To that end, the Court will preclude Simplot from presenting argument, testimony, and evidence that Wilbur-Ellis is paying to defend Del Toro in this litigation, as that fact is not relevant to proving any of the claims and is unduly prejudicial. Fed. R. Civ. P. 401-403.[3] Attempts to cast blame or wrongdoing on Wilbur-Ellis, who is not a party and not the subject of any claims or allegations of wrongdoing in this litigation, are improper and will be precluded. Plaintiff is cautioned to proceed carefully with regard to this subject matter during trial. Overly emphasizing, improperly suggesting, and repeatedly referring to Wilbur-Ellis, rather than Defendant, would be unduly prejudicial and irrelevant to the claims. *See e.g.,* (Dkt. 104 at 29). The focus of the arguments, presentation, and evidence must be directed at the parties in this lawsuit. Failure to do so will not be tolerated during trial. Additionally, Plaintiff is cautioned that presenting evidence about Wilbur-Ellis may open the door to the admissibility of other evidence, as discussed elsewhere herein.

---

[3] This is a preliminary ruling and may be reconsidered during trial depending on the parties' presentations, as it is possible that Del Toro could open the door to this fact being made relevant.

ORDER - 13

### F.  Lawsuits filed by Wilbur-Ellis against Simplot and its employees

The motion is granted as to this subject matter for the reasons stated above relevant to Plaintiff's motion in limine on the same issue.

### G. Certain computer software

The motion is denied as to the request to limit evidence about certain computer software or programs. Whether and to what extent any of the computer software or programs were "used" or "executed" by Defendant is disputed and involve questions for the jury to decide. (Dkt. 103, 104). Moreover, the evidence is relevant to the claims. (Dkt. 103). The Court has already provided rulings and guidance on this evidence. (Dkt. 104). Ultimately, whether and how this evidence will be presented and its admissibility must be determined during trial.

### H.  Allegations of trade secret use

Defendant seeks to prohibit Plaintiff from speculating about what Del Toro allegedly did with any Simplot files, including that he used or could have used any Simplot files. (Dkt. 112). Additionally, Defendant argues Simplot should not be allowed to seek damages for misappropriation by use, because there is no evidence of commercial use. These arguments were raised in prior motions.

The Court has already ruled on and provided guidance regarding evidence of Defendant's alleged use of Simplot's files and damages. (Dkt. 103, 104). The parties are directed to conform their presentations of the evidence in accordance with that guidance. The admissibility of this evidence will be determined at trial. What the evidence ultimately proves is a matter for the jury to decide.

ORDER - 14

## I.  Number of alleged misappropriated files and claims of damages

Defendant seeks to prohibit evidence and arguments about files other than the sixteen files identified by Plaintiff on summary judgment as trade secrets, and otherwise prohibit Plaintiff from presenting evidence or referring to large numbers of trade secrets. The motion in limine is denied as it involves disputed facts for a jury to decide and evidentiary rulings that can only be made during trial where the Court has the benefit of viewing the evidence in the context presented. Nothing in the prior rulings or filings has limited Plaintiff's claims to a certain number or particular files that it claims are trade secrets. (Dkt. 103 at 17-18) (finding Plaintiff had presented evidence of the existence of trade secrets sufficient to overcome summary judgment). Further, the Court has already addressed Defendant's arguments regarding statements that the damages calculation are "conservative estimates." (Dkt. 104 at 26-27).

That being said, the burden of proof is squarely on Plaintiff to produce evidence for and establish each of the elements for all of its claims, including the existence of trade secrets and damages. Defendant's motion is well taken in observing that the number of trade secret files that Plaintiff has alleged were misappropriated has varied widely during this litigation. (Dkt. 112 at 15). Plaintiff is strongly cautioned to tailor its arguments and presentation to the allegations and claims that it truly believes the evidence supports. Grandiose misrepresentations of the evidence are improper. The Court may limit the arguments and/or claim allowed to go to the jury if Plaintiff fails to present evidence during trial that establishing the elements of its claims, including the existence of trade secrets. Fed. R. Civ. P. 50.

## J. Duplicative expert testimony

Defendant seeks to preclude Plaintiff's use of two computer forensic experts during trial. Defendant has not identified what testimony he contends is cumulative, repetitive, or otherwise inadmissible. (Dkt. 112). The anticipated testimony from Michael Kunkel and Geoffrey Brown may cover the same or similar topic areas, but their involvement in this litigation and findings are independent and somewhat distinct from one another. Based on the record and at this pretrial stage, the Court finds their testimonies may be offered for appropriate purposes, but not to bolster or present cumulative evidence. Fed. R. Evid. 401, 402, 403. For these reasons, the motion in limine is denied to the extent it seeks to limit Plaintiff to calling only one of these two witnesses, and as to the broad, generic request to preclude duplicative, repetitive, and cumulative testimony. During trial, the parties must adhere to all of the Rules of Civil Procedure and the Rules of Evidence. While some overlap in testimony and evidence will be tolerated to the extent it is necessary for an accurate presentation to the jury, the Court will not allow cumulative or repetitive testimony, and will exclude attempts to bolster the testimony of other witnesses or to present needless duplicative testimony.

The motion is also denied as to the request for an order requiring further expert witness disclosures, as Defendant has not identified any authority or basis for ordering additional pre-trial expert witness disclosures beyond what is typically required. The parties are directed to proceed in good faith and in accordance with the applicable rules and orders of the Court with regard to witness and exhibit disclosures, and pretrial submissions.

**ORDER - 16**

## CONCLUSION

This Order is intended to assist the parties in their preparation for trial by, to the extent possible, giving the parties guidance in structuring their cases and presentation of evidence. The parties must abide by the Court's rulings but may ask for reconsideration as trial progresses. The final ruling on the admissibility of any particular testimony or piece of evidence will be made at trial. *See United States v. Bensimon*, 172 F.3d 1121, 1127 (9th Cir. 1999) ("The district court may change its ruling at trial because testimony may bring facts to the district court's attention that it did not anticipate at the time of its initial ruling."). During the trial, the parties are directed to advise the Court in advance of any evidentiary issues they anticipate arising so that the Court can address the same outside the presence of the jury, if necessary. The parties shall do so by notifying the law clerk regarding such issues well in advance of the evidence being offered.

## ORDER

**THEREFORE IT IS HEREBY ORDERED** that the Motions in Limine (Dkt. 111, 113) are **GRANTED IN PART AND DENIED IN PART**, as stated herein.

DATED: August 12, 2026

Honorable Debora K. Grasham
United States Magistrate Judge

ORDER - 17